IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03058-KLM

DEWAYNE CELESTINE, individually and on behalf of any other similarly situated,

    Plaintiff,

v.

STATE OF COLORADO,
RICK RAEMISCH, in his individual and official capacity as Executive Director for CDOC,
ROGER WERHOLTZ, in his individual and official capacity as Executive Director for CDOC,
TONY CAROCHI, in his individual and official capacity as Executive Director for CDOC,
TOM CLEMENTS, in his individual and official capacity as Executive Director for CDOC, by and through his estate,
ARISTEDES ZAVARiS, in his individual and official capacity as Executive Director for CDOC,
JOE ORTIZ, in his individual and official capacity as Executive Director for CDOC, and
JOHN SUTHERS, in his individual and official capacity as Executive Director for CDOC,

    Defendants.
_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **Order to Show Cause** [#27].[1] Although Plaintiff is proceeding in this lawsuit without an attorney, he bears the responsibility of prosecuting his case with due diligence. The Court must liberally construe pro se filings; however, pro se status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915,

---

[1] "[#27]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order and Recommendation.

917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Plaintiff has not contacted the Court formally or informally since November 12, 2014, the date this case was opened. On January 5, 2015, Defendants Rick Raemisch, Aristedes Zavaris, and Roger Werholtz filed a Motion to Dismiss [#20]. The deadline for Plaintiff to respond to the Motion to Dismiss was January 26, 2015, pursuant to the Federal Rules of Civil Procedure. There is no indication on the docket that Plaintiff did not receive a copy of the Motion to Dismiss. However, to date, Plaintiff has not filed a Response, despite having had ample opportunity in which to do so. On March 26, 2015, a Certificate of Service [#25] sent by the Clerk of Court to Plaintiff on February 26, 2015, was returned as undeliverable. [#26]. On the envelope it was noted that the mailing was being returned because Plaintiff has been paroled. *Id.* The Court thereafter issued an Order to Show Cause [#27] indicating that Plaintiff had until April 20, 2015 to update his address with the Court. Plaintiff was warned that his case would be dismissed if he failed to do so. On April 15, 2015, the Order to Show Cause [#27] was returned as undeliverable. [#28].

D.C.COLO.LAttyR 5(c) requires that any change of address (or other contact information) be noticed to the Court within five days of such change. Plaintiff is thus under a continuing obligation to inform the Court of any changes in his contact information. To date, the docket does not reflect the filing of a notice by Plaintiff regarding an address change. Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this litigation.

The Court warned Plaintiff in the Order to Show Cause that his failure to timely comply with the instruction to respond would result in a recommendation that this matter

be dismissed due to Plaintiff's failure to prosecute.  Given Plaintiff's failure to comply with the instruction stated in the Order to Show Cause [#27], the Court considers whether Plaintiff's case should be dismissed as a sanction pursuant to Fed. R. Civ. P. 41(b).  *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (noting that Court has inherent authority to consider sua sponte whether a case should be involuntarily dismissed due to Plaintiff's failure to prosecute); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2369, at 576-77 & n.1 (3d ed. 2008).

In *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), the Tenth Circuit enumerated the factors to be considered when evaluating grounds for dismissal of an action.[2]  The factors are: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions."  *Id.* at 921 (internal quotations and citations omitted); *see also Gates Rubber Co. v. Bando Chems. Indus.,* 167 F.R.D. 90, 101 (D. Colo. 1996).  "[D]ismissal is warranted when 'the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'"  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1144 (10th Cir. 2007) (quoting *Ehrenhaus*, 965 F.2d at 921).

Here, it is clear that Plaintiff has no intention of seeking resolution of this matter on

---

[2] The Court notes that the standards for dismissal pursuant to Rule 37 and Rule 41(b) are essentially the same.  *Mobley v. McCormick*, 40 F.3d 337, 340-41 (10th Cir. 1994) ("[W]e see no principled distinction between sanctions imposed for discovery violations and sanctions imposed [pursuant to Rule 41(b), and] . . . involuntary dismissals should be determined by reference to the *Ehrenhaus* criteria.").

the merits. Plaintiff has failed to update his present contact information with the Court and, thus, the Court and Defendants have no means of contacting him in connection with this litigation. Further, Plaintiff has disobeyed a direct order of the Court by failing to file a response to the Order to Show Cause regarding his intent to prosecute this case. Plaintiff's only action in connection with this lawsuit has been his initial filing. These facts demonstrate that Plaintiff has abandoned his lawsuit, and consideration of the above-stated *Ehrenhaus* factors weigh in favor of dismissal without prejudice.[3] Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#27] is **MADE ABSOLUTE**.

IT IS FURTHER **ORDERED** that this case shall be assigned to a district judge under D.C.COLO.LCivR 40.1(a).

IT IS HEREBY **RECOMMENDED** that Plaintiff's Complaint [#1] be **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

---

[3] Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort." *Ehrenhaus*, 965 F.2d at 920; *see Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. Feb. 2, 2007) (remanding dismissal with prejudice for determination of willfulness).

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  May 1, 2015                              BY THE COURT:

                                                 */s/ Kristen L. Mix*

                                                 Kristen L.  Mix
                                                 United States Magistrate Judge